J-A22007-15

2015 PA Super 220

E.R.L.,

          Appellee

          v.

C.K.L.,

          Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 437 MDA 2015

Appeal from the Order Entered February 3, 2015
In the Court of Common Pleas of Lancaster County
Domestic Relations at No(s)2014-01493 PACSES No. 611114696

BEFORE:  BOWES, JENKINS, AND PLATT,* JJ.

OPINION BY BOWES, J.:                    **FILED OCTOBER 19, 2015**

     C.K.L. ("Father") appeals from the February 3, 2015 order wherein the trial court directed him to pay E.R.L. ("Mother") $2,267.17 per month in child support for the couple's three children.  Father was also ordered to pay $220 per month toward child support arrears and a onetime allotment of $48.50 for costs and fees.  We affirm.

     Father married Mother on March 22, 2003, and three children, now ages nine, six, and three, were born of the marriage.  Between August 2013 and February 2014, the marriage deteriorated.  However, Father remained with Mother and the children in the marital residence until Spring 2014.  On June 9, 2014, Mother filed a complaint for support seeking child support and spousal support.  Approximately five weeks later, the trial court adopted a recommended interim order awarding Mother unallocated support in the

_____
* Retired Senior Judge assigned to the Superior Court.

amount of $1,458.57 per month including arrears. The domestic relations conference officer calculated Father's monthly obligation based upon his net monthly income totaling $4,334.38. Mother was assessed monthly income in the amount of $837.57. At the time of the support conference, Father was on administrative leave from his employment as a police officer with the East Hempfield Police Department due to a then-pending protection from abuse ("PFA") order that Mother had filed against him. He was subsequently terminated from employment.

Father appealed the interim order *de novo,* and following two days of testimony, on February 3, 2015, the trial court entered the above–referenced order directing Father to pay $2,267.17 per month in child support for the couple's three children.[1] The trial court calculated the child support as follows. First, using Father's stipulated annual earning capacity of $76,440 and Mother's earning capacity of $12.12 per hour over a twenty-five hour week, the trial court determined Father's share of the basic child support obligation using the support guideline matrix in Pa.R.C.P. 1910.16-3 and the formula outlined in Pa.R.C.P. 1910.16-4. Next, the trial court determined that Father's access to approximately $600,000 that Father inherited while the support litigation was pending was a basis to apply an

---

[1] The trial court also dismissed Mother's request for spousal support. That aspect of the order is not before this Court.

upward deviation of the monthly support obligation in the amount of $575.00 pursuant to Pa.R.C.P. 1910.16-5. The trial court further adjusted the guideline calculation by assessing Father an additional $348.67 per month under Pa.R.C.P. 1910.16-6(d), to cover his share of the costs associated with the children's extracurricular activities. In addition, the court made Father responsible for eighty percent of the costs for all future extracurricular activities in which the children participate. This timely appeal followed.

Father presents the following questions for our review:

I. Did the trial Court err and abuse its discretion in entering a $575.00 per month upward deviation from the guideline support amount based upon [Father's] inheritance, in that:

A. The deviation entered by the court is not justified by an analysis of the factors set forth in the Support Guidelines at Pa.R.C.P. 1910.16-5 and is not justified by any special needs or circumstances that make the support guideline amount based upon the parties' earning capacities unjust or inappropriate;

B. The upward deviation entered by the court is unjust in that it directs [Father] to pay the guideline support amount for seven (7) children, based upon the earning capacity assigned to [Father] by the court, when [Father] only has three (3) children;

C. The upward deviation entered by the court essentially holds [Father] to an earning capacity that has no relation to [Father's] age, education, training, earnings history, or vocational abilities and fails to appreciate that [his] inheritance will not last forever?

II.    Did the Trial Court err and abuse its discretion in directing . . . that [Father] be responsible for eighty (80%) percent of all new extracurricular activities in which the children participate, as this provision grants [Mother] sole legal custody and gives her unlimited discretion to expend such sums without [Father's] consent?

Father's brief at 10.[2]

"The principal goal in child support matters is to serve the best interests of the children through the provision of reasonable expenses." *R.K.J. v. S.P.K.*, 77 A.3d 33, 37 (Pa.Super. 2013).  Father has an absolute duty to provide for his three children financially even if it causes hardship or requires sacrifice.  *Christianson v. Ely*, 838 A.2d 630, 638 (Pa. 2003) (citation and internal quotations omitted) ("In a child support hearing, the main concern is for the welfare of the child.  Each parent has a duty which is well nigh absolute to support his or her minor children and each may have to make sacrifices in order to meet this burden.").

We review a child support order for an abuse of discretion.  *J.P.D. v. W.E.D.*, 114 A.3d 887, 889 (Pa.Super. 2015).  "[T]his Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground."  *R.K.J.*, *supra*.  As this Court previously articulated, "An abuse of discretion is [n]ot merely an error of judgment, but if in

_____

[2] We observe that Father's brief is noncompliant with Pa.R.A.P. 124(a)(4) insofar as he utilized 12-point font in the text rather than 14-point, the minimum size permitted under the Pennsylvania Rules of Appellate Procedure.

reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record." *Id*.

At the outset, we note that while our High Court has concluded that the corpus of an inheritance is not income for the purpose of calculating a child support obligation, it is relevant in determining whether an upward deviation from the guideline support obligation is warranted pursuant to Rule 1910.16-5. *Humphreys v. DeRoss*, 790 A.2d 281 (Pa. 2002). In *Humphreys*, our Supreme Court confronted whether an inheritance could be considered income for the purpose of calculating a child support obligation. After engaging in statutory construction of the Domestic Relations Code, 23 Pa.C.S. §§ 101-8215, and reviewing the practices of some of our sister jurisdictions, the High Court held that the legislature did not intend to have such a bequest treated as income for the purpose of calculating a child support obligation under the support guidelines because the term "inheritance" was not included in the statutory definition of "income" under § 4302. *Humphreys*, *supra* at 287. The High Court pronounced, "In light of the fact that we can find no principled way of fitting the corpus of an inheritance into the statutory definition of 'income,' we hold that it may not be so included." *Id*.

Notwithstanding its holding, however, the *Humphreys* Court also recognized that a support obligor's inheritance is a relevant and appropriate

consideration in fashioning a child support order. It specifically noted its relevance in deciding whether to deviate from the child support guidelines under Pa.R.C.P. 1910.16-5(a). *Id*. at 287-288. The Court explained, "where the fact finder determines that an inheritance affects a payor's financial obligations by making more income available for support, an upward deviation is appropriate." *Id*. at 288. The Court concluded its reasoning by reiterating, "although the corpus of an inheritance is not included in a payor's income available for support, it may be considered when adjusting a support obligation pursuant to Pa.R.C.P. 1910.16-5." *Id*. 288.

Instantly, it is beyond argument that the trial court did not treat the corpus of Father's inheritance as income for the purpose of calculating his basic support obligation. Instead, consistent with *Humphreys*, the trial court considered the $600,000 inheritance as a basis to apply an upward deviation to the support obligation pursuant to Pa.R.C.P. 1910.16-5. Father does not challenge the trial court's authority to apply the deviation; rather, he asserts that the upward adjustment of $575 per month under Rule 1910.16-5 was unjustified under the facts of this case. Essentially, Father posits that the guideline support calculation is entirely sufficient to provide financial support to his three children and that he should not have to invade the corpus of his inheritance, which he intends to invest, to provide his children additional support.

Father divided his first argument into three overlapping sections; however, for simplicity we condensed it into two concise points: (1) the trial court did not set forth its consideration of the factors supporting the Rule 1910.16-5(b) deviation; and (2) the combined deviations applied under Rule 1910.16-5 and Rule 1910.16-6 were too great. We address these components *seriatim* and for the following reasons, we reject both of the contentions.

Rule 1910.16-5(b), provides as follows:

In deciding whether to deviate from the amount of support determined by the guidelines, the trier of fact shall consider:

(1) unusual needs and unusual fixed obligations;

(2) other support obligations of the parties;

(3) other income in the household;

(4) ages of the children;

(5) the relative assets and liabilities of the parties;

(6) medical expenses not covered by insurance;

(7) standard of living of the parties and their children;

(8) in a spousal support or alimony pendente lite case, the duration of the marriage from the date of marriage to the date of final separation; and

(9) other relevant and appropriate factors, including the best interest of the child or children.

Pa.R.C.P. 1910.16-5(b).

Father complains that the trial court failed to consider all of the relevant factors prior to applying the upward adjustment under Rule 1910.16-5. He argues that the trial court was required to consider the factors enumerated in Rule 1910.16-5 before invoking that proviso to invade the corpus of his inheritance. He continues that, to the extent that the trial court considered the children's extracurricular activities, it addressed those expenses by supplementing the monthly basic support obligation by $348.67 pursuant to Rule 1910.16-6(d), a separate adjustment provision that specifically addresses tuition, camps, and other needs. Thus, Father reasons that the Rule 1910.16-5 deviation was unwarranted.

The record belies Father's assertion. Herein, the trial court invoked Rule 1910.16-5 as a ground to deviate from the guideline support calculation. Specifically, the trial court quoted the **Humphreys** Court,

> The support guidelines provide that in deciding whether to deviate from the presumptive amount of support determined by the Guidelines, [the Court] must consider the *assets of the parties* and other relevant and appropriate factors, including the best interests of the children. Pa.R.C.P. 1910.16-5(b)(5) and (9).

Trial Court Opinion and Order, 2/3/15, at 6. The court then reasoned that, consistent with **Humphreys**, "[Father's] inheritance affects his financial obligations by making more income available for support. **In consideration of the Pa.R.C.P. No. 1910.16-5 factors**, the Court finds that an upward deviation of $575 per month is appropriate for the best interest of the

- 8 -

children." **Id**. (emphasis added). While the trial court did not address each of the nine factors individually, Father does not cite legal authority for the proposition that the trial court was required to set forth its consideration of each factor separately, and our independent review of child support jurisprudence does not reveal anything to suggest that requirement. **See Silver v. Pinskey**, 981 A.2d 284, 296 (Pa.Super. 2009) (*en banc*) (in child-support, once court has properly consulted guidelines, it has discretion to deviate from guideline figure, as long as court provides adequate reasons for deviation); Pa.R.C.P. 1910.16-1(d) ("The presumption [that the guideline amount is appropriate] shall be rebutted if the trier of fact makes a written finding, or a specific finding on the record, that an award in the amount determined from the guidelines would be unjust or inappropriate.").

Rule 1910.16-5(a) requires only that the trial court specify in writing or on the record the guideline amount for support and its reasons and factual justification for the amount of the deviation. Contrary to Father's argument, there is no required amount of detail for the trial court's explanation. All that is needed is that the enumerated factors are considered and that the deviation is based on those considerations. Instantly, the trial court stated that it considered all of the relevant factors and determined that the upward deviation of $575 per month was appropriate in light of the child's best interest, which as noted *supra*, is the principal goal of child support. Although brief, the trial court's discussion is

a sufficient statement of its reasons for the deviation, and it adequately dispels the notion that its determination was manifestly unreasonable or the result of partiality, prejudice, bias or ill-will. No relief is due.

The second aspect of Father's argument challenges the extent of the upward deviations.[3] He goes to great effort to highlight that the $2,267.17 monthly child support obligation that he was ordered to pay for his three children equated to the basic guideline support amount that is appropriate for the support of seven children at his income level. In a related argument, he complains that to justify the $2,267.17 monthly obligation under the basic support matrix, he would have to be treated as earning a net monthly income of approximately $8,000. Thus, Father argues that, when compared to the basic support guideline amounts, the instant child support order is so unreasonable as to constitute an abuse of discretion. We disagree.

Other than citing his stipulated earning capacity of $76,400 and noting his desire to maintain a non-labor-intensive lifestyle, Father fails to acknowledge the other relevant circumstances in this case, *i.e.*, the $600,000 asset that is available to sustain the monthly child support obligation and the expense of his children's extracurricular activities. While

_____

[3] Unlike the prior contention that related only to the $575 deviation under Rule 1910.16-5, this argument does not differentiate between the Rule 1910.16-5 and Rule 1910.16-6 deviations. Father challenges the total deviation that increased his guideline support obligations in the amount of $923.97.

Father implies that the trial court's Rule 1910.16-5 deviation was effectively an improper consideration of his inheritance as **income** in contravention of *Humphreys*, he is mistaken. Notwithstanding his protestations to the contrary, the trial court treated Father's $600,000 as an **asset** that provided a basis to deviate from the guideline support obligation that the court calculated using Father's earning capacity of $76,400. This was precisely what the High Court contemplated in *Humphreys* when it observed, "where the fact finder determines that an inheritance affects a payor's financial obligations by making more income available for support, an upward deviation is appropriate." *Humphreys*, *supra* at 288. Father's expressed desire to preserve the corpus of the inheritance for future investment to support his work-free lifestyle is not persuasive argument. Father has an absolute duty to support his three children financially. In addition to his yearly earning capacity of $76,000, Father has access to significant assets that can be used to augment the guideline support obligation. Given these facts, the trial court was within its discretion in applying the deviations to ensure the children have the appropriate level of financial support.

Father's final argument assails the portion of the child support order that makes him responsible for eighty percent of the cost of the children's future activities. He complains that the directive is tantamount to a grant of sole legal custody in Mother's favor to decide the sports and activities in which the children participate. Father continues that it is his preference that

- 11 -

each child participate in only one activity per season, but Mother routinely enrolls the children in multiple overlapping programs. Noting those objections, Father contends, "that the language used in provision 3 of the support order acts to grant Mother absolute authority on the the issue of which and how many activities the children participate and serves to give Mother a blank check on the matter, thus usurping Father's right to input on the best interests of his children." Father's brief at 25. In rejecting Father's challenge, the trial court observed that this argument is misplaced in the support litigation. We agree with the trial court's assessment.

The pertinent provision provides, "The parties shall share the cost of the extracurricular activities of the children; 80% paid by [Father] and 20% paid by [Mother] for all new extracurricular activities in which the children participate after the date of this order." Trial Court Opinion and Order, 2/3/15, at 6-7.

Stated plainly, the trial court's support order does not influence legal custody. It merely assesses responsibility for the expenses associated with the children's activities. The order is entirely silent as to custody, and it does not authorize Mother to unilaterally select the activities in which the children participate. Father's concern that the children are overextended might be well founded, and he is entitled to either address that issue with Mother, seek to exercise his legal custody, or file an appropriate petition in a custody proceeding. Either way, the trial court did not address the parties'

custody situation in any manner, and this appeal is the wrong forum to review the merits of Father's argument that the children are overextended.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2015